# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE ANDERSON, | ) | Case No. 1:16 CV 1707 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *acting Commissioner of Social Security,* | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

The Social Security Administration denied Plaintiff Catherine Anderson's Applications for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1381 et seq. Plaintiff Catherine L. Anderson then sought review of the Commissioner's decision. Pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b)(1) this case was referred to the Magistrate Judge for the preparation of a Report and Recommendation ("R&R"). The Magistrate Judge has submitted a report recommending that this Court reverse the final decision of the Commissioner. Doc. 15. The Commissioner has filed objections to the R&R; Plaintiff responded in support of the R&R. Docs. 16 and 17. Neither party has identified an error in the factual and procedural history reflected in the R&R, which adequately sets forth that background. The Court will therefore adopt the history as written without reiterating those sections herein.

1

**I. Standard of Review**

A Social Security Administrative Law Judge ("ALJ") reviews applications for benefits to determine an individual's eligibility. An ALJ may find an applicant suffers from a disability for which she should receive benefits if the applicant is unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). An applicant's inability to engage in substantial gainful activity encompasses both the applicant's prior employment and any other work that exists in significant quantity in the national economy. 42 U.S.C. § 423(d)(2)(A).

This Court conducts a *de novo* review of those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). That review is limited, however, to determining whether the ALJ's decision is supported by substantial evidence when the record is viewed as a whole, taking into account what fairly detracts from its weight. *Wyatt v. Sec. of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). Substantial evidence in this context is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Miller v. Comm'r Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (internal quotation marks omitted). This Court must also consider whether an administrative decision maker employed the proper legal standards. *Queen City Home Health Care v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992). "An ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be

justified based upon the record.'" *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011), quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009).

## II.     Argument and Law

The Commissioner objects to the Magistrate Judge's determination that the ALJ "failed to give good reasons for rejecting the limitations" stated by Plaintiff's treating physicians. Doc. 16, p. 1. The Commissioner further objects to the Magistrate Judge's finding that the ALJ provided no medical foundation for concluding "that the individual capable of performing the above activities could not have extreme or marked limitations in carrying out complex or simple instructions." Docs. 16, p.3 & 15, p.16.

The "good reasons" language used by the Commissioner addresses the Magistrate Judge's conclusion that the ALJ failed to satisfy the requirements of the treating physician rule. The Sixth Circuit Court of Appeals explains that in 20 C.F.R. § 404.1502, the Commissioner "has elected to impose certain standards on the treatment of medical source evidence." *Cole*, 661 F.3d at 937. According to the Sixth Circuit, one such standard is the "treating physician rule" through which the Commissioner requires an ALJ to "give a treating source's opinion controlling weight if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Id.* quoting 20 C.F.R. § 404.1527 (d)(2).

The applicable regulations, which remain effective for claims filed prior to March 27, 2017, provide:

(a) Definitions.

> (1) Medical opinions. Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what

you can still do despite impairment(s), and your physical or mental restrictions.

(2) Treating source. Treating source means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s). We may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s). We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a nontreating source.

(b) How we consider medical opinions. In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive. See § 404.1520b.

(c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's medical opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.

(1) Examining relationship. Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you.

(2) Treatment relationship. Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. . .

20 C.F.R. § 404.1527(a)-(c).

If an ALJ declines to give the treating source or treating physician's opinion controlling weight, he or she must explain the decision using the criteria set forth in 20 C.F.R. § 404.1527:

> (c)(2) . . . When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.
>
> > (i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the medical source's medical opinion more weight than we would give it if it were from a nontreating source.
> >
> > (ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories. For example, if your ophthalmologist notices that you have complained of neck pain during your eye examinations, we will consider his or her medical opinion with respect to your neck pain, but we will give it less weight than that of another physician who has treated you for the neck pain. When the treating source has reasonable knowledge of your impairment(s), we will give the source's medical opinion more weight than we would give it if it were from a nontreating source.
>
> (3) Supportability. The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their medical opinions will depend on the degree to which they provide supporting explanations for their medical opinions. We will evaluate the degree to which these medical opinions consider all of the pertinent evidence in your claim, including medical opinions of treating and other examining sources.

(4) Consistency. Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.

(5) Specialization. We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist.

(6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the medical opinion. For example, the amount of understanding of our disability programs and their evidentiary requirements that a medical source has, regardless of the source of that understanding, and the extent to which a medical source is familiar with the other information in your case record are relevant factors that we will consider in deciding the weight to give to a medical opinion.

40 C.F.R. § 404.1527(c).

When applying these criteria, the ALJ is charged not only to provide "good reasons" but also with a "clear elaboration requirement," *Bowie v. Comms'r of Soc. Sec.*, 539 F.3d 395, 400 (6th Cir. 2008), which is "imposed explicitly by the regulations . . . in part to let claimants understand the disposition of their cases." *Wilson v. Comms'r of Soc. Sec.*, 378 F.3d 547, 544 (6th Cir. 2002). Although the ALJ is tasked with assessing whether a claimant has demonstrated a disability within the meaning of the Social Security Act and, in so doing, evaluating the credibility of medical opinions, ALJs may not make medical judgments. *Meece v. Barnhart*, 192 Fed. Appx. 459, 495 (6th Cir. 2006) ("But judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor.").

Defendant objects to the Magistrate Judge's finding that the ALJ's stated reasons for rejecting the treating psychiatrists' opinions were "conclusions rather than explanations" and that "the ALJ's determination that Plaintiff's activities and/or mental status examination findings are inherently incompatible with the limitations assessed by the treating psychiatrists is tantamount to a medical judgment." Doc. 15, p. 15-16. There is no dispute between the parties as to whether

Drs. Bonder and McBride are treating sources and the ALJ referred to them as such. As treating sources, their opinions are deserving of controlling weight pursuant to 40 CFR § 1527(d)(2). This record further indicates the ALJ's acceptance of Plaintiff's diagnoses from treating sources, reflected in the ALJ's finding of two "severe impairments: an affective disorder and an anxiety disorder." Doc.10 p.12-23. Although the ALJ accepts the diagnoses, he rejects the physicians' conclusions about the severity of Plaintiff's impairments with regard to work. The ALJ did so without conducting the balancing of factors to determine what weight should be accorded the treating source opinions. The Sixth Circuit emphasizes:

> This Court has made clear that 'we do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from [ALJs] that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.

*Cole*, 661 F.3d at 939, quoting *Hensley v. Astrue*, 579 F.3d 263, 267 (6th Cir. 2009) and *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004).

Defendant concedes that the ALJ did not assign a specific weight to the opinions of Drs. Bonder and McBride and further failed to complete the required analysis. However, Defendant argues that this Court should find the ALJ's reasoning sufficient without the mandated analysis because (1) the ALJ referenced portions of Plaintiff's treatment record when summarily concluding that the treating source opinions were not supported by the evidence, and (2) the ALJ gave great weight to the Ohio Division of Disability Determination psychologists' opinions "because State agency psychologists are considered to be experts in Social Security disability programs." Doc.10, p. 21. A violation of the good reasons rule may be deemed harmless error under the following circumstances:

> [I]f "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the

> treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation."

*Cole*, 661 F.3d at 940, quoting *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 551 (6th Cir. 2010).

In the matter at bar, the Court cannot find the ALJ's violations of the good reasons rule to be harmless. It cannot be said that the treating sources' opinions are patently deficient because the ALJ found them sufficient as to Plaintiff's categories of diagnosis. In this instance, the ALJ did not adopt or make findings consistent with the treating physicians' assessment of Plaintiff's impairments. Nor can the Court say the goal of 40 CFR § 1527(d)(2) was met, because the ALJ's decision leaves the Court without a clear understanding of the ALJ's reason to discredit the treating physicians' assessment of Plaintiff's functional limitations. The ALJ's emphasis on the non-treating state psychologists' expertise in Social Security disability programs strongly suggests that the ALJ reversed the burden imposed by the treating source rule and automatically accorded the non-treating physicians persuasive weight due to their agency experience.

This Court has examined the record including those citations emphasized by Defendant and concludes that the Magistrate Judge's analysis of the ALJ's decision is correct. The ALJ's explanation is tainted by an implicit assumption that an individual who, while mostly compliant with treatment, is capable of appearing for a majority of her regularly scheduled appointments and engaging with her psychiatrist in a comparatively alert and oriented manner during those appointments, cannot have the limitations assessed by her treating psychiatrists. The Court agrees with the Magistrate Judge's observation that the ALJ unreasonably equates Plaintiff's moderately successful, intermittent, and fleeting, interactions with trained medical personnel with the ability to interact with others "who are not trained mental health professionals, for an eight-hour workday." Doc. 15, p.18. This Court concludes, as the Magistrate Judge indicated, that the Ohio

Division of Disability Determination psychologists' opinions do not provide an explanation supporting this underlying assumption.

The Sixth Circuit has a long history of rejecting conclusions that individuals who "can still perform simple functions, such as driving, grocery shopping, dish washing and floor sweeping" are therefore not suffering from limitations that prevent engaging in "substantial gainful activity," as such simple tasks are "intermittent and not continuous" and may be done in spite of otherwise disabling limitations. *Walston v. Gardner*, 381 F.2d 580, 586 (6th Cir. 1967). *Accord Miller*, 811 F.3d 838 ("Although the ALJ may properly consider Miller's household and social activities when 'evaluating a claimant's assertions of pain or ailments,' the ALJ must establish that Miller could have performed such activities on a '*sustained basis*' when assessing Miller's mental impairments.") (emphasis sic, internal citations to *Keeton v. Comm'r of Soc. Sec.*, 538 Fed.Appx. 515 (6th Cir. 2014), *Walkers v. Comm'r Soc. Sec.*, 127 F.3d 525 (6th Cir. 1997), and *Gayheart v. Comm'r Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013) omitted.). The Sixth Circuit does not find this type of anecdotal substitute for a clear analysis persuasive, especially where, as the Magistrate Judge notes here, the ALJ's characterization of the record is "questionable" at best. Doc. 15, p. 17, *Cole,* 661 F.3d at 939 ("As this Court has recently held, the ALJ's focus on the claimant's ability to do certain activities in discounting the treating source's opinion does not constitute 'good reasons' for doing so when the claimant's testimony and other record evidence contradict the ALJ's finding.").

In this matter, the ALJ did not apply the requirements of the treating physician rule and has not provided a clear explanation of his failure to credit the limitations described by the treating sources. As such, the decision is not supported by substantial evidence. *Cole,* 661 F.3d at 940. This Court's finding that the ALJ's decision is not supported by substantial evidence is based on

the ALJ's violation of the agency's procedural rules. It may be true, on remand, that the Commissioner reaches the same conclusion as to Plaintiff's limitations while complying with the treating physician rule and good reasons requirement. If this is the case, Plaintiff will then be able to understand the Commissioner's rationale and the procedure through which the decision was reached. "To hold otherwise . . . would afford the Commissioner the ability to violate the regulations with impunity and render the protections promised therein illusory." *Cole, supra* at 940, citing *Wilson,* 378 F.3d at 546.

## III. CONCLUSION

The Commissioner's objections in this matter do not identify an error of law or fact in the Magistrate Judge's decision. Accordingly they are OVERRULED. The Magistrate Judge's decision is ADOPTED in full. The COMISSIONER's decision is REVERSED, and the matter REMANDED for further proceedings.

**IT IS SO ORDERED**.

                                                  s/John R. Adams
                                              U.S. DISTRCT JUDGE
                                              NORTHERN DISTRICT OF OHIO

Dated: September 26, 2017